IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 2, 2001

## STATE OF TENNESSEE v. LEWIS A. FORBESS

**Appeal from the Circuit Court for Tipton County**
**No. 3977    Joseph H. Walker, III, Judge**

---

**No. W2001-00202-CCA-R3-CD - Filed November 29, 2001**

---

The defendant, Lewis A. Forbess, entered pleas of guilt to aggravated rape, theft of property between $10,000.00 and $60,000.00, aggravated burglary, and possession of a weapon in a penal facility.  The trial court imposed concurrent sentences as follows:

| Offense | Term | Range |
|---|---|---|
| Aggravated Rape | 25 years | 100% Violent Offender |
| Theft | 15 years | Persistent Offender |
| Aggravated Burglary | 15 years | Persistent Offender |
| Possession of Contraband in a Penal Facility | 10 years | Persistent Offender |

The sentences were ordered to be served consecutively to an earlier burglary sentence.  In this appeal of right, the defendant contends that the sentences are excessive.  The judgments are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Gary F. Antrican, District Public Defender, for the appellant, Lewis A. Forbess.

Paul G. Summers, Attorney General & Reporter; Patricia C. Kussmann, Assistant Attorney General; and Ryan Brown and James W. Freeland, Jr., Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

On March 22, 2000, the defendant, armed with a gun, forced entry to the residence of the victim, Deborah Allard.  The defendant forcibly raped the victim and then stole her 1997 Dodge

Stratus. Two days later, the defendant was arrested in Lafayette, Louisiana, after he had broken into a building. Because the defendant was in possession of Ms. Allard's car, Louisiana authorities contacted the Tipton County Sheriff's Department. After the defendant was transferred to this state, officers discovered that he was in a possession of a shank and had dug the mortar from around three sides of a cinder block above the window in his cell.

At the conclusion of the sentencing hearing following the guilty pleas, the trial court dismissed an attempted escape charge based upon the defendant's claim that he understood that it would be dismissed when he entered the plea agreement.

At the sentencing hearing, the victim made a statement. The defendant offered no proof but filed a document claiming mitigating factors. At the conclusion of the proceeding, the trial court found no statutory mitigating factors as to either the aggravated rape or the aggravated burglary. The trial court applied Tennessee Code Annotated § 40-35-113(1), that his conduct neither caused nor threatened serious bodily injury, as a mitigating factor to the convictions for theft and possession of contraband. The trial court, however, assigned "very little weight" to that factor. The trial court found enhancement factor (1), that the defendant has a previous history of criminal convictions or criminal behavior in addition to that necessary to establish the appropriate range, applicable to each of the four offenses. See Tenn. Code Ann. § 40-35-114(1). As to the aggravated rape, the theft, and the aggravated burglary, the trial court applied Tennessee Code Annotated § 40-35-114(13) because the felonies were committed while the defendant was on parole. The trial court concluded that the enhancement factors "greatly outweighed" any mitigating factors as to the aggravated rape, assessing the maximum possible sentence of 25 years. The trial court also assigned great weight to the enhancement factors as to the theft and the aggravated burglary, imposing the maximum possible sentences of 15 years for each conviction. A sentence of 10 years was imposed for the conviction of possession of contraband in a penal facility, for which the range of punishment was between 10 and 15 years. While the trial court stated a basis for consecutive sentencing, it approved the plea agreement which provided for concurrent sentencing on all counts. After the imposition of sentence, the defendant made derogatory remarks about the victim, indicating his lack of remorse and disrespect for the criminal statutes.

The defendant contends that the trial court "showed bias" by first expressing a desire to impose consecutive sentencing before being reminded that the plea agreement provided for concurrent sentences and then by imposing the maximum penalty for three of the offenses. More specifically, the defendant complains that the trial court erred by first considering mitigating factors and then considering the enhancement factors.

Tennessee Code Annotated § 40-35-210(e) provides as follows:

> Should there be enhancement and mitigating factors . . . , the court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, then reduce the sentence within the range as appropriate for the mitigating factors.

Based upon the trial court's failure to follow the procedure as established by statute, the defendant asserts that the trial judge's "personal feelings came into play."

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597, 600 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence. Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987).

In calculating the sentence for a Class A felony conviction, the presumptive sentence is the midpoint within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement factors but no mitigating factors, the trial court shall set the sentence at or above the midpoint. Tenn. Code Ann. § 40-35-210(d). If there are mitigating factors but no enhancement factors, the trial court shall set the sentence at or below the midpoint. Id. A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

In calculating the sentence for a Class B, C, D, or E felony conviction, the presumptive sentence is the minimum in the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If there are enhancement but no mitigating factors, the trial court may set the sentence above the minimum, but still within the range. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210(e). The sentence must then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The trial court made extensive findings of fact and conclusions of law, specifically making reference to "the principles of sentencing and considerations as to sentencing alternatives, the nature and characteristics of the criminal conduct involved." As the defendant alleges, the trial court first

observed the presence of mitigating factors and indicated their lack of weight before addressing the enhancement factors. Typically, our statutory law contemplates the reverse procedure. In this instance, however, the result would be the same. In the three offenses where maximum sentences were imposed, the trial court gave great weight to two enhancement factors before adding five additional years to each term. The record supports the application of each of the enhancement factors. Because so little weight was given the mitigating factors, maximum sentences, in our view, were entirely appropriate. The defendant received the minimum sentence for having a weapon in a penal institution and the trial court approved the plea agreement which provided for concurrent sentences.

In our view, the defendant has failed to establish any personal bias on the part of the trial judge. Furthermore, the record supports each of the sentences imposed.

Accordingly, the judgments are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE